## UNITED STATES v. BENTLEY et al.

(District Court, D. Massachusetts. March 30, 1926.).

No. 6680.

Customs duties ☞126—Officers are without authority to seize American vessel more than four leagues from the coast (Tariff Act 1922, § 581 [Comp. St. Ann. Supp. 1923, § 5841h]).

Revenue officers, or officers of the Coast Guard, are not given authority by Tariff Act 1922, § 581 (Comp. St. Ann. Supp. 1923, § 5841h), to search or seize an American vessel more than four leagues from the coast, and such a seizure is illegal.

Criminal prosecution by the United States against Charles Ralph Bentley and another. On motion of defendants for suppression of evidence. Granted.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass.

Leo A. Rogers and Daniel A. Shea, both of Boston, Mass., for defendants.

BREWSTER, District Judge. The defendants by indictment are charged with a criminal conspiracy to commit an offense against the United States, the purpose and object of which was to unlawfully and fraudulently import and bring into the United States and to assist in importing and bringing into the United States, certain merchandise without paying the lawful customs duties due thereon, all in violation of section 593 (b) of the Tariff Act of 1922 (Act Sept. 21, 1922, 42 Stat. 982 [Comp. St. Ann. Supp. 1923, Comp. St. Supp. 1925, § 5841h13]).

Defendants have moved for suppression of certain evidence at their trial.

For the purposes of the hearing upon the motion, the following facts were before the court: While Coast Guard officers were patrolling a British schooner lying some 20 miles outside the territorial limits of the United States, they were approached by the defendants in a motorboat, who offered a bribe to the Coast Guard officials for the privilege of proceeding to the schooner and obtaining therefrom a quantity of intoxicating liquor. Thereafter the defendants proceeded to the schooner, loaded their boat, and were headed toward the Massachusetts coast, when the officials in the Coast Guard service, whom the defendants had unsuccessfully attempted to bribe, stopped their boat, seized it and the cargo, and arrested the defendants. The motorboat was an American boat, owned by one or both of the defendants.

The seizure was made at a point more than 12 miles outside the territorial limits of the United States. At the time of the seizure I find the officers making the seizure had reasonable cause to believe that the defendants had conspired to commit the offense denounced by the section of the Tariff Act above cited, and that they were then actually engaged in the prosecution of that unlawful conspiracy. Defendants' motion is to prevent the use of the motorboat and the liquor seized as evidence at the trial on the indictment above referred to.

In support of this motion, the attention of the court is called to the case of The Underwriter (D. C.) 6 F.(2d) 937, where Judge Thomas, in a carefully considered opinion, holds that the officials of the Coast Guard are without authority to seize beyond the 12-mile limit an American vessel committing an offense which would render it liable to forfeiture. Judge Thomas correctly held that the Tariff Act of 1922 (section 581, 42 Stat. 979 [Comp. St. Ann. Supp. 1923, Comp. St. Supp. 1925, § 5841h]) limits the authority of officers of the customs or of the Coast Guard to the right to board, search, and seize a vessel within four leagues of the coast of the United States, and he then goes on to state:

"Nowhere is there any authority vested in the Coast Guard to make a seizure beyond the 12-mile limit."

In the case at bar, however, the United States district attorney seeks to distinguish it from the case of The Underwriter, arguing that upon the facts here presented the Coast Guard officials, having a reasonable cause to believe that the defendants were engaged in the commission of a crime, were not without authority to board and seize the offending vessel as well as arrest the defendants. He does not claim that this authority rests upon any legislative enactment, but that it inheres in their office as agents of the government charged with the duty of preventing smuggling of dutiable merchandise into the United States, and that, to prevent the commission of that offense, such officials have a right to board an American vessel which, for certain purposes, is not beyond the jurisdiction of the United States, although outside the territorial limits.

In the case of The Marianna Flora, 11 Wheat. 1, 6 L. Ed. 405, Mr. Justice Story, in dealing with the justification for a seizure upon the high seas, made this observation:

"It is true that it has been held in the courts of this country that American ships, offending against our laws, * * * may * * * be pursued and seized upon the ocean, and rightfully brought into our ports for adjudication. This, however, has never been supposed to draw after it any right of visitation or search. The party, in such case, seizes at his peril."

The Canadian courts have also recognized the right to pursue and seize upon the high seas a vessel offending against the laws of that country. See In re North, 37 Can. Sup. Ct. 385.

Apparently Mr. Justice Story found a distinction between visitation and search of a vessel on the high seas and the capture of a vessel offending against municipal laws of the nation. A real doubt may exist as to whether the facts in the case at bar show a visitation and search, or a capture of a boat which the federal officers knew was committing an offense against the laws of the United States. The conclusions I have reached, however, after careful consideration of the authorities cited by the government and other authorities, relieve me of the necessity of deciding whether there was a visitation and search or a capture. While there seems to be abundant authority for the proposition laid down a century ago by Mr. Justice Story, I am persuaded it is a proposition which relates to the sovereign powers of a nation, and that these sovereign powers cannot be exercised by federal officials, except by virtue of some act of Congress.

I am aware that in other jurisdictions the right to search and seize beyond the 12-mile limit has been recognized, but my study has failed to reveal any legislation conferring upon revenue officers or officers of the Coast Guard authority to search and seize, except section 581 of the Tariff Act above cited. Consequently the conclusions which I have reached are in harmony with those of Judge Thomas in The Underwriter, supra. The seizure of the motorboat and its cargo being without justification in law, therefore, under the numerous decisions in this district and elsewhere, it must follow that they cannot be used in evidence against the defendants at their trial.

Defendants' motion to suppress is allowed.